**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBIN BORRELLI**<br>**102 Kabob Lane**<br>**Kennet Sq., PA 19348**<br>***Plaintiff,*** | : | |
| **v.** | : | **CIVIL ACTION** |
| **THE BOEING COMPANY**<br>**929 Long Bridge Drive**<br>**Arlington, VA 22202**<br>***Defendant.*** | : | **No. 26-8596** |

## COMPLAINT

Plaintiff Robin Borrelli, through her attorneys, van der Veen, Hartshorn & Levin, hereby files this Complaint against Defendant, The Boeing Company, pursuant to Title VII, 42 U.S.C. § 2000(e), *et seq*., and the Pennsylvania Human Relations Act, 42 P.S. §951, *et seq*.

## PARTIES

1. Plaintiff Robin Borrelli ("Plaintiff" or "Borrelli") is and was at all relevant times an adult residing in Kennet Square, Pennsylvania.

2. Defendant The Boeing Company ("Boeing"), upon information and belief, is a Delaware Corporation, having at all times relevant hereto substantial operations in Pennsylvania.

3. Boeing Defense, Space & Security is a division of Boeing which builds military airplanes, rotorcraft, and missiles, as well as space systems for both commercial and military customers, including satellites, spacecraft, and rockets.

4. At all times relevant hereto, Plaintiff was employed by Boeing, specifically Boeing Defense, Space & Security, in a "Supplier Quality" role.

## JURISDICTION AND VENUE

5. This action is brought pursuant to Title VII of the Civil Rights Act of 1965, as codified, 42 U.S.C. § 2000e to 2000e-17. Jurisdiction is founded on 28 U.S.C. § 1331.

6. Jurisdiction lies over state law claims based on the principals of supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) given that a substantial portion of the events or omissions giving rise to the claim occurred within the boundaries of the Eastern District of Pennsylvania.

## FACTS AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

### I. Plaintiff joins Boeing and receives several promotions.

8. Plaintiff Robin Borrelli began her employment with Boeing on January 5, 1990. Plaintiff started as a Supplier Quality Auditor (Level 1).

9. Levels 1 and 2 generally consist of entry-level positions, Levels 3 and 4 are considered mid-tier roles, and Levels 5 and 6 are considered senior and leadership roles.

10. Plaintiff initially worked as a Supplier Quality Auditor (Level 1), but was promoted to Supplier Quality Representative (Level 2) in June 1994.

11. Plaintiff was promoted again in February 1999 to Supplier Quality Specialist (Level 3), and finally to Supplier Quality Specialist (Level 4) in September 2001.

12. In or around 1996, Plaintiff (Female) joined a team to transition Boeing Supplier Quality to an enterprise team, combining Boeing Defense and Boeing Commercial into one process. This project took several years, and at its conclusion, most of the team members (Male) were promoted to Level 5.

13. Unlike her male counterparts, Plaintiff was not promoted to a leadership role at the conclusion of this project, and her "level" would remain stagnant would for the next twenty-four years.

**II. Plaintiff is passed over for Level 5 status several times under the pretextual guise of experience deficiencies.**

14. Plaintiff's former manager, Martha Hogan-Battisti, began placing her up for Level 5 promotions in or around 2006. She was passed over several times.

15. Around 2011, Plaintiff was put up for a Level 5 promotion again and her candidacy was presented at the East Region management meeting and pushed through to the Directors. The Directors denied Plaintiff the promotion, stating that she did not lead any projects.

16. Upon information and belief, the Directors reason for not promoting Plaintiff was pretextual, as several other Male employees had been promoted to Level 5 without project lead experience.

17. Plaintiff quickly took steps to cure this identified deficiency and acted as the project lead for the AS9100:C transition team from 2011 through 2013.

18. Plaintiff reasonably believed that once she completed this project, the purported deficiencies in her experience would be resolved, and she would be promoted to Level 5. That did not end up occurring.

**III. Plaintiff is denied any opportunities for Level 5 positions under new management.**

19. After the team completed its project, Plaintiff learned that she would no longer be managed by Martha Hogan-Battisti and moving forward her manager would be Thomas Shollar.

20. Plaintiff discussed her interest in rising to Level 5 with Shollar after the transition was complete, but he plainly stated that he had no intention of placing Plaintiff up for a Level 5 position.

21. Plaintiff raised the issue with Shollar again via email following her performance evaluation, and specifically asked him what criteria she would need to satisfy to obtain Level 5, since she had already gained project lead experience. Shollar never responded.

22. Shortly thereafter, in March 2013, Plaintiff sent a note to Boeing Human Resources Representative, Bernie Conlon, explaining the situation and asking to have a discussion. Plaintiff sent a follow-up note the following month when her request went unanswered. Plaintiff ultimately spoke to Conlon on the phone, but nothing came of her complaint, and the issue was seemingly dropped.

**IV. Plaintiff continues to be denied Level 5 status, despite being assigned job roles and responsibilities traditionally reserved for senior management.**

23. Plaintiff was ultimately transferred to a new manager, Timothy Ditch, in or around 2018.

24. Similar to Martha's Hogan-Battisti, Ditch seemingly supported Plaintiff's rise to Level 5 status and placed her up for a promotion in late 2020. This effort, similar to all of the other efforts, was unsuccessful.

25. Ditch then "promoted" Plaintiff to a Quality Engineer position in July 2021, which was a lateral move and not a true promotion. However, this move did finally recognize Plaintiff's degree in engineering, which had been another ongoing issue since the discussion with HR Bernie Conlan 2013.

26. Despite refusing to promote Plaintiff to Level 5, Boeing began assigning Plaintiff roles and responsibilities traditionally reserved for Level 5 employees. For example, in 2018, Plaintiff took over responsibilities on the Management Steering Team, replacing a Level 5 employee. Plaintiff was also the only member of the Boeing Oversight Rep team (excluding new participants) that was not Level 5.

27. Additionally, in or around November 2022, Plaintiff was asked to take over the job responsibilities of her Boeing Commercial counterpart (Male), who was Level 5.

28. Plaintiff expressed to Ditch in February 2024 that if she was not going to be promoted to Level 5, and soon, she was planning to retire. Ditch shortly thereafter indicated that he was submitting Plaintiff for a Level 5 position.

29. Plaintiff and Ditch submitted the necessary paperwork for the promotion between March through July 2024, and Plaintiff anticipated that if her promotion were to be approved, it would be done at the August 5, 2024 managers meeting.

30. When the final manager meeting passed without any word, Plaintiff understood that she had been passed over yet again.

**V. Plaintiff initiates action with EEOC and PHRC.**

31. Plaintiff initiated an inquiry through the EEOC (530-2025-01254) containing details sufficient to satisfy the criteria set forth in 29 C.F.R. §1601.12, on or around November 19, 2024. She also concurrently filed an intake questionnaire containing details of her allegations with the Pennsylvania Human Relations Commission ("PHRC") on or around that same date.

32. Despite filing in November 2024, the first available interview time slot with the EEOC was on April 1, 2025.

33. Plaintiff advised her manager, Timothy Ditch, that she had filed a claim with the EEOC/PHRC in January 2025.

34. Plaintiff appeared for her interview on April 1, 2025, but was advised that since she had retained counsel since the date of her submission, the EEOC would not conduct the interview and her attorney would need to submit a separate written charge.

35. Plaintiff and undersigned counsel complied with this instruction and submitted an additional charge on April 2, 2025, which expanded on the framework of discrimination provided by Plaintiff in her initial submission. The EEOC issued this submission a separate charge number, 530-2025-04953.

36. Shortly thereafter, in April 2025, Plaintiff was promoted to a Level 5 position.

37. Plaintiff's ultimate promotion demonstrates that she possessed the requisite qualifications for the position, and was denied based on factors extrinsic to her qualifications and experience, such as her gender.

38. Plaintiff received a notice on August 31, 2026 that her matter would be dismissed with the EEOC, and a Right to Sue Letter would be issued.

**COUNT ONE**
**TITLE VII, 42 U.S.C. § 2000e-2(a)**
**DISPARATE TREATMENT—SEX**
**Plaintiff v. Boeing**

39. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

40. At all relevant times, Plaintiff was an employee of Boeing, as defined by 42 U.S.C. §2000e(f).

41. Plaintiff, as a female employee, was a member of a protected class.

42. Boeing discriminated against Plaintiff based on her gender (female) by failing to afford her the same opportunities and/or promotions afforded to her similarly situated male colleagues.

43. Plaintiff possessed the requisite qualifications and skills to be considered for these opportunities and/or promotions, but these positions were routinely given to Plaintiff's male

counterparts who did not possess any qualifications for the position which exceeded those of Plaintiff.

44. As a direct and proximate cause of Boeing's conduct, Plaintiff suffered significant damages, including but not limited to lost wages and benefits, pain and suffering, mental anguish, humiliation, and reputational damage.

**COUNT TWO**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**DISPARATE TREATMENT—SEX**
**Plaintiff v. Boeing**

45. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

46. Plaintiff, as a female employee, was a member of a protected class.

47. Boeing discriminated against Plaintiff based on her gender (female) by failing to afford her the same opportunities and/or promotions afforded to her similarly situated male colleagues.

48. Plaintiff possessed the requisite qualifications and skills to be considered for these opportunities and/or promotions, but these positions were routinely given to Plaintiff's male counterparts who did not possess any qualifications for the position which exceeded those of Plaintiff.

49. As a direct and proximate cause of Boeing's conduct, Plaintiff suffered significant damages, including but not limited to lost wages and benefits, pain and suffering, mental anguish, humiliation, and reputational damage.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Court:

1. Enter judgment in favor of Plaintiff and against Defendant for violation of her rights under Title VII and the PHRA;

2. Declare that the actions of Defendant constituted unlawful discrimination;

3. Award Plaintiff compensatory damages, including, but not limited to, lost wages and benefits, in such amount as will reasonably compensate her for her losses, and damages for emotional distress;

4. Award Plaintiff punitive damages for Defendant's violations of Title VII not only for the egregious nature of the wrong Boeing did to Plaintiff, but additionally to deter Boeing from such imperious conduct in the future in such amount as the Court deems proper;

5. Award Plaintiff her costs, attorneys' fees, and non-taxable expenses in this action; and

6. Grant Plaintiff such other and further relief as the Court deems equitable and just.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,

Date: November 10, 2026 By: *__/s/ Kaitlin C. McCaffrey__*

Kaitlin C. McCaffrey
I.D. No. 329960
Attorney for Plaintiff
1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
F: (215) 546-8529
E: kmccaffrey@mtvlaw.com